IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| NORMA A. VAUTHIER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 04-1645-JO |
| | ) | |
| v. | ) | OPINION AND ORDER |
| | ) | |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

Sharon D. Maynard
SWANSON THOMAS & COON
820 S.W. Second Avenue, Suite 200
Portland, OR 97204

  Attorney for Plaintiff

Carol A. Hoch
Lucille G. Meis
SOCIAL SECURITY ADMINISTRATION
Office of the General Counsel
701 Fifth Avenue
Suite 2900, M/S 901
Seattle, WA 98104-7075

Neil J. Evans
UNITED STATES ATTORNEY'S OFFICE
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902

Attorneys for Defendant

JONES, Judge:

Claimant Norma Vauthier seeks judicial review of a final decision of the Commissioner of Social Security denying her application for disability insurance benefits ("DIB"). Defendant, in turn, has moved to remand this case for further administrative proceedings (# 15).

This court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g). Following a careful review of the record, the court concludes that the case must be remanded for further proceedings and therefore grants defendant's motion.

## ADMINISTRATIVE HISTORY

Claimant protectively filed an application for DIB on June 4, 2001, alleging disability as of June 15, 2001, due to brain damage. The application was denied initially and on reconsideration. Claimant requested a hearing. At the hearing on May 26, 2003, claimant amended her application to allege disability since August 1, 2000. Claimant, represented by counsel, appeared and testified. During the hearing, the Administrative Law Judge ("ALJ") determined that a consultative examination was necessary and referred claimant for a neuro-psychological evaluation, which took place on April 30, 2003. The ALJ held a supplemental hearing on December 16, 2003. Claimant, still represented by counsel, again appeared and testified, as did a vocational expert. On March 23, 2004, the ALJ issued a decision denying

claimant's application. The ALJ's decision became the final decision of the Commissioner on September 25, 2004, when the Appeals Council declined review.

## STANDARD OF REVIEW

This court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence on the record as a whole. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Tylitzki v. Shalala, 999 F.2d 1411, 1413 (9th Cir. 1993). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). The Commissioner's decision must be upheld if it is a rational interpretation of the evidence, even if there are other possible rational interpretations. Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989).

## SUMMARY OF THE ALJ'S FINDINGS

The ALJ first determined that claimant met the requirements for a period of disability and DIB through December 31, 2006. The ALJ then employed a five-step "sequential evaluation" process in evaluating claimant's disability, as required. See 20 C.F.R. § 404.1520. The ALJ first determined that claimant has not engaged in substantial gainful activity since the alleged onset of disability.[1]

Second, the ALJ found that claimant has severe impairments in the form of a cognitive disorder and an adjustment disorder with depressed mood, but that her diabetes, asthma, vertigo, headaches, and obesity were under control and were not severe. Third, the ALJ determined that

---

[1] Whether the ALJ meant the alleged onset date of June 4, 2001, or August 1, 2000, should be clarified on remand.

3 - OPINION AND ORDER

claimant's impairments did not meet or equal the requirements of any impairment in the Listing of Impairments, Appendix 1, Subpart P, Regulation No. 4. In determining the severity of claimant's impairments, the ALJ found claimant's allegations concerning her limitations not to be fully credible.

Next, the ALJ determined that claimant retained the residual functional capacity to perform medium work, with moderate limitations in her ability to understand, remember and carry out detailed instructions; moderate limitations in her ability to respond appropriately to changes and work pressures in a routine work setting; slight limitations in her ability to make judgments on simple work-related decisions and to carry out, remember and understand short simple instructions; and slight limitations in her ability to interact appropriately with the public, co-workers and supervisors.

Based on the testimony of a vocational expert, the ALJ next found that claimant is unable to perform her past relevant work. Finally, relying on the vocational expert's testimony, the ALJ found that based on her age, educational background, work history, and residual functional capacity, claimant is capable of performing substantial gainful activity in jobs that exist in significant numbers in the national economy, such as parking lot cashier, laundry folder, and produce sorter. Consequentially, the ALJ determined that claimant is not disabled as defined by the Social Security Act and denied her application for benefits.

## STATEMENT OF FACTS

The parties are familiar with the medical and other evidence of record. Given that the parties agree that the case must be remanded and dispute only the purpose of the remand, I will not recite the evidence here.

4 - OPINION AND ORDER

The Commissioner concedes that the ALJ erred in his assessment of the severity of claimant's headaches and obesity, as well as her credibility. Because of these errors, the Commissioner further concedes that the ALJ's residual functional capacity assessment and his finding that claimant can perform other work are not supported by substantial evidence. As stated, the parties agree that the errors require remand, but disagree as to the appropriate remedy. The Commissioner urges the court to remand for further proceedings, contending that there are unresolved issues and that the record does not compel a finding of disability. Claimant, in turn, argues that the case must be remanded for an immediate award of benefits.

The Ninth Circuit has articulated standards by which this court is to decide whether to remand for further proceedings or simply for an award of benefits. If enhancement of the record would be useful, remand for further proceedings is appropriate. Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004). If, however, the record has been fully developed and further administrative proceedings would serve no useful purpose, the court should remand for an immediate award of benefits. Id. More specifically, the court should credit evidence that was rejected improperly during the administrative process and remand for an immediate award of benefits if:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

Id. (citing Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir. 2000)). In the end, however, it is within this court's discretion to remand for further proceedings or an immediate award of benefits. Id. at 590.

5 - OPINION AND ORDER

I agree with the Commissioner that the ALJ must further assess claimant's obesity, headaches, and credibility, and depending on his findings, reassess her residual functional capacity. The record is not consistent concerning the frequency or intensity of claimant's headaches and, consequently, does not compel a conclusion of "disabled" as claimant contends, absent findings that would support such a conclusion. Nor does claimant's obesity, even if considered a "severe" impairment, demand a finding of "disabled."

Thus, I conclude that remand for an immediate award of benefits is not appropriate because outstanding issues remain to be resolved and the record, as it stands, does not compel a finding that claimant is disabled. Consequently, in the exercise of my discretion, I grant defendant's motion (# 15) and remand this action to the Commissioner for further proceedings.

## CONCLUSION

Defendant's motion to remand (# 15) is GRANTED. The decision of the Commissioner denying benefits is REVERSED and REMANDED for further proceedings as described in Defendant's Memorandum in Support of Remand and consistent with this opinion. As a condition of remand, defendant shall pay claimant's reasonable attorney fees and costs incurred on or before the date of defendant's motion to remand (October 21, 2005).

DATED this 3rd day of January, 2006.

ROBERT E. JONES
U.S. District Judge